IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHAD HALLFORD and
DENNIS TAYLOR,

        Plaintiffs,

v.                                                                                                        No. 1:25-cv-00048-KG-SCY

T&C MANAGEMENT,

        Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

*Pro se* Plaintiffs state the background of their case as: "Appealing Case No. T-4-CV-2024011306 on two (2) grounds. (1) Factual (Math) errors in the judgement for restitution and (2) Factual evidence not heard during trial due to uneven representation i.e. zoom vs in-person." Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, Doc. 1, filed January 14, 2025 ("Complaint"). There are no other factual allegations. Plaintiffs seek the following relief: "(1) vacate decision of metropolitan court. (2) allow for eviction prevention, restitution and re-try (if/or as needed)." Complaint at 5.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiffs: (i) as the parties seeking to invoke the jurisdiction of this Court, Plaintiffs bear the burden of alleging facts that support jurisdiction; and (ii) it appears this case is barred by the *Rooker-Feldman* doctrine, which deprives District Courts of jurisdiction where the requested relief would undo the state court's judgment, because Plaintiffs are appealing a judgment of the Metropolitan Court. *See* Order to Show Cause, Doc. 5, filed January 22, 2025. Judge Yarbrough ordered Plaintiffs to show cause why the Court should not dismiss this case for lack of jurisdiction pursuant to *Rooker-Feldman*

and to file an amended complaint.  *See* Order to Show Cause at 5 (notifying Plaintiffs that failure to timely show cause and file an amended complaint may result in dismissal of this case).  Plaintiffs did not show cause or file an amended complaint by the February 12, 2025, deadline.

The Court concludes it does not have jurisdiction over this case because: (i) the Complaint does not contain allegations supporting jurisdiction; (ii) Plaintiffs did not file a response showing that the Court has jurisdiction over this case; and (iii) Plaintiffs did not file an amended complaint alleging facts supporting jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).  The Court denies Plaintiff Chad Hallford's Application to proceed *in forma pauperis* because the Court lacks jurisdiction over this case.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Plaintiff Chad Hallford's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 14, 2025, is **DENIED.**

/s/ Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.